UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                        Case No: 2:17-cv-608-FtM-99CM

JOHN C. ROGERS,

    Defendant.
_____/

# OPINION AND ORDER[1]

This matter comes before the Court on *pro se* Defendant John C. Rogers' Motion to Dismiss Plaintiff's Complaint (Doc. 8) and Plaintiff United States of America's response in opposition (Doc. 9). For the reasons stated below, the Court denies Rogers' motion.

This is a student loan debt dispute. The federal Department of Education identified Rogers as having outstanding student loans. (Doc. 1-1). The agency sought to recover the debt and issued Rogers a demand that he refused to pay. (Doc. 1 at ¶ 4). The Government sued Rogers for failing to pay his alleged student debt. (Doc. 1). Rogers now moves to dismiss the Complaint, which the Court liberally construes as a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

When considering a motion to dismiss, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint need not contain detailed factual allegations, it must include enough facts to state "a plausible claim for relief." *Id.* at 679; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. Further, *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally. *See Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). But "even in the case of *pro se* litigants[,] this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) (citation omitted).

Here, Rogers argues the Complaint fails because it is based solely on a Certificate of Indebtedness (Doc. 1-1) that has no identifying markers, like a loan number, Social Security number, and account number, tying him to the debt. He also argues a promissory note is required to sustain the failure to pay claim and the Complaint lacks one. The Government responds that it has satisfied Federal Rule of Civil Procedure 8(a)(2)'s requirement it plead "a short and plain statement" showing its entitlement to relief.

At this early stage of litigation, the Court finds that the Government has stated a plausible claim of failure to pay against Rogers. According to the Complaint, Rogers owes a debt to the Government for a specified amount, the Government demanded Rogers pay

the debt, and he neglected to do so. Although the Certificate of Indebtedness lists no account number, it identifies Rogers' name and alias and details the type of loan provided. (Doc. 1-1). Because the Court accepts the well-pled facts in the Complaint as true, neither a promissory note nor other evidence tying Rogers to the debt is needed at this stage. The Court denies Rogers' Motion to Dismiss.

Accordingly it is

**ORDERED:**

(1) Defendant John C. Rogers' Motion to Dismiss Plaintiff's Complaint (Doc. 8) is

**DENIED**.

(2) Rogers must file an answer to the Complaint on or before **March 13, 2018**.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of February 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record